JANE E. GILLEN, complainant-appellant,

*v.*

MARY E. HADLEY et al., defendants-respondents.

[Argued March 17th, 1909.   Decided April 10th. 1909.]

1. Where a will created a trust to pay two annuities, and for other purposes, and it appeared that both of the annuities would expire within the limitation of the rule against perpetuities, a bill to construe the will, in order that the court should declare that the vesting of the residuary estate was delayed beyond the time prescribed by the rule against perpetuities brought during the life of the annuitants, was premature.

2. Where a bill to construe a will and declare a trust invalid as infringing the rule against perpetuities also demanded an accounting, it was sustainable for the purpose of obtaining an accounting, though it was premature in so far as it sought to avoid the trust.

3. Where a bill was filed for an accounting by trustees in the chancery court several days before proceedings for an accounting were instituted on behalf of the trustees in the prerogative court, where the will was probated, the chancery court, having first obtained jurisdiction, would retain it for purposes of an accounting.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell, whose opinion is as follows:

Henry P. Simmons, late of the city of Passaic, died on June 16th, 1896, leaving a will, which is the subject-matter of this controversy. He left four children, Mrs. Gillen, the complainant, Mrs. Howe (who has since died) and the defendants, Mrs. Hadley and Miss Henrietta P. Simmons. ' The will makes provision for all the children and disposes of all the testator's property. The bill is filed primarily for the purpose of having this court declare that the vesting of the residuary estate under the will is delayed for so long a period as to be void for remoteness; or in other words, that the provisions of the will in relation to the disposition of the residuary estate are void, because they violate the rule against perpetuities.

This question was argued fully and with distinguished ability by the counsel who appeared in the case, but notwithstanding their earnest efforts to obtain a decision on this main question, I find that a preliminary question presents itself, which, it appears to me, has already been disposed of by the court of errors and appeals in such a way as to preclude me from considering at present the validity of the devise.

Several years ago Miss Henrietta Simmons, one of the defendants in this suit, brought an action of ejectment against Mrs. Hadley and her husband, who are the trustees under the will, and as such hold the legal title to and are in possession of the residuary estate; Miss Simmons claiming, as the complainant here now claims, that the disposition of the residuary estate was void for the reason that it violated the rule against perpetuities.

The case is reported under the name of *Simmons* v. *Hadley, 63 N. J. Law (34 Vr.) 227.* In the judgment delivered by Chancellor Magie, there is a discussion and a settlement of the preliminary question which I have referred to.

The tenth paragraph of the will makes the following direction in regard to Mrs. Gillen:

"The share of the net income from my said estate so set apart from time to time as aforesaid for the benefit of my daughter, Jane Elizabeth Gillen, shall be by my said trustees paid out from time to time, at their discretion, for the comfortable support and maintenance of my said daughter, and of her daughter, Margaretta Westervelt Gillen, during the widowhood of my said daughter, Jane Elizabeth Gillen; upon the remarriage or decease of my said daughter, Jane Elizabeth Gillen, said share of the net income of my estate shall be my said trustees paid out from time to time, at their discretion, for the comfortable support and maintenance of my said granddaughter Margaretta, until she shall have arrived at the age of twenty-five years, or so soon thereafter as her mother shall have remarried or deceased, my said trustees shall pay over and convey" &c.

The eleventh paragraph makes the following provision for the daughter Henrietta:

"The share of my estate so set apart as aforesaid for the benefit of my daughter Henrietta, shall be paid out by my said trustees for the comfortable support and maintenance of my said daughter for and during her natural life."

. These provisions are referred to in Chancellor Magie's judgment as follows:

"The trustees are to dispose of the income set apart for Mrs. Gillen from time to time for her support and maintenance and for the support and maintenance of the plaintiff (Henrietta P. Simmons, one of the defendants in this suit) for her life."

It was held there that it was the design of the testator to withhold from the plaintiff in that action the legal title to and possession of the general residuary estate through the instrumentality of an active trust which contemplated a payment of the two annuities above mentioned, both of which, by the terms of the will, are to expire within the limitation of the rule against perpetuities, and that the trustees took the entire residuary estate as long as they were required to pay the two annuities.

The two annuitants are still living; one is the complainant in this suit, the other, a defendant, and in view of the interpretation given to the will by the court of errors and appeals, I feel bound to say that the suit has been prematurely brought. I do not see how the question presented by the bill can be raised and decided during the lifetime of Mrs. Gillen or Miss Simmons.

Ordinarily, a decree on conclusions of this nature would be a decree dismissing the bill, but it has already been held by Vice-Chancellor Pitney in this case (*Gillen* v. *Hadley,* 72 *N. J. Eq.* (*2 Buch.*) 505) that the bill has a purpose altogether independent of that touching the construction of the will and the ascertainment of the legality of the trust, and that is, for the purpose of obtaining an accounting. It does appear from his opinion that proceedings are pending in the prerogative court on behalf of the trustees to have their accounts stated and passed, and while the prerogative court, which was the court in which the will was probated, is a proper jurisdiction for entertaining the accounting, yet seven days before the accounting proceedings were begun in that court the bill in this case was filed; so that this court obtained jurisdiction of that portion of the subject-matter of the bill prior to the filing of the account in the prerogative court.

This court will therefore retain its jurisdiction over the accounting and deny all other relief.

*Mr. Sherrerd Depue* and *Mr. Joseph Hill Brinton* (of the Pennsylvania bar), for the appellant.

*Mr. Frederick T. Johnson, Mr. Ashton Parker* (of the New York bar), and *Mr. William J. Morrison, Jr.,* for the respondents.

PER CURIAM.

The argument in this case was limited by the court to the question discussed by the vice-chancellor, whether the bill was prematurely filed. The vice-chancellor thought that the question presented by the bill could not be raised and decided during the lifetime of Mrs. Gillen or Miss Simmons, and relied upon our decision in *Simmons* v. *Hadley, 63 N. J. Law (34 Vr.) 227.* We think he attributed too far reaching an effect to that decision. What we held was that the trustees took the entire residuary estate as long as they were required to pay the specific annuity of $400 to Miss Simmons and $300 to Mrs. Gillen. The annuity to the latter has ceased because of her majority. The annuity to the former was to continue until the net income from the general trust estate should amount to $1,600 per year. It is said that time has arrived, but the pleadings and proofs fail to establish the fact. The answer of Mr. and Mrs. Hadley admits the fact, as does the answer of the guardians *ad litem* of the infant defendants, while the answer of Miss Simmons denies all knowledge on the subject. The proof is that it depends upon the method of stating the account with reference to taxes and assessments whether the net income of the trust estate amounts to the prescribed sum. The fact that for a time the trustees treated the income as amounting to $1,600 a year is not sufficient to establish that the net income of the general trust estate, after the payment of debts, encumbrances, taxes and other expenses, actually amounted to that sum, for the trustees may have erred in their method of treating the income. In this state of the pleadings and proofs, we cannot now decide the main ques-

tion that was argued in the briefs. If the income is less than $1,600, the case is governed by our former decision. If more, we should have to determine whether the other trusts are of such a character that we ought not now to pass upon their validity or the validity of the estates in remainder.

The vice-chancellor was therefore quite right in advising a decree that the bill was prematurely filed. It is possible that the defect in the proofs can be supplied so as to present the question left undecided in *Simmons* v. *Hadley*. The decree must be affirmed and the record remitted to the court of chancery for such further proceedings as may be agreeable to equity and in accordance with the practice of the court.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM—12.

*For reversal*—None.